Nott, J.
This was an action of Slander. The words laid in the declaration are; u you are a robber, you robbed me of my money, and I can prove it. He has stolen from me three hundred dollars, and has placed them upon his shelves.” The witnesses proved the words substantially as laid, but said they were coupled with an explanation, shewing the meaning of the defendant to have been, that the plaintiff had over-reached him in a certain money transaction, and that he had kept possession of a bond, due by him to defendant, which had been delivered to him- confidentially. The presiding judge charged the jury j 1st, That although the *38 words, coupled with the explanation, would not be actionable in England, he doubted whether that principle of the English law was applicable to this country: 2ndly, That some of the persons present n0(- have heard the explanatory words, and that the words charged, without the explanation, were certainly actionable. This motion is now made for a new trial, on the ground of mis-direction in the judge.
The first question then, is, whether on the subject of slander, this Court is to be governed by the principles of the Common Law, as settled in England. Secondly, whether words which, when taken altogether, are not actionable, become so, merely because a part of the company present when they were spoken, heard only those which, when taken alone, are actionable. As to the first point, our act of Assembly, passed in the year 1712, says, the Common Law of England shall be in as full force and virtue in this State as in England. And even if it did not, I do not know by what other law we should be governed ; for the Common Law is as much the law of this country as of England. I do not mean to say, that we are bound by every decision made by the courts in England. We have a right to take our own view of the Common Law: but, when a principle of law has been settled for ages, by a series of uniform decisions, the reasons must be very strong, that would authorise a departure from it; and, in no case, ought an established rule to be given up, without substituting another in *39 its place. It would be launching into a boundless ocean of uncertainty; without a compass by which to direct our course.
As to the second point? I am of opinion? that words must always be taken as they are'spoken, and not as they may happen to be heard. No man ought to be condemned by garbling his expressions. To establish such a rule, would be to put it in the power of every busy tatler, who may be lurking about the coffee houses, or the corners of the streets, to set the best men in the community, and indeed the best of friends, together by the ears. This principle may be illustrated by that passage in Scripture, so often quoted for similar purposes, “ The fool has said in his heart, there is no God.” If the doctrine contended for by the plaintiff, is to prevail, the most pious man in the country may be condemned for blasphemy, for repeating that passage, since some of the persons present may only-have heard the last words, X( there is no God.” upon both grounds, I am of opinion, the motion ought to be granted.
Brevard J.
My opinion in this case is, that the defendant is entitled to what he claims by the motion submitted; and my reasons for this opinion, are these: The words which were proved to have been spoken, when taken altogether and considered in relation to the subject-matter, or cause and occasion of speaking them, appear not to be actionable. *40 as they do not import a charge of felony, or any criminal conduct for which the party charged could he prosecuted and subject to legal punishment; they only charged a breach of trust.
In the argument on this motion it was stated, and riot denied, that the judge who presided at the trial, in his charge to the jury, intimated a doubt whether the doctrine of the law of England on this point, ought to be recognized in this country; and further, that he suggested to the jury, that some persons present at the publication of the words, might not have heard all the words which were spoken on the occasion, but only such as were calculated to convey an imputation of felony; and if so, the words thus heard might be actionable.
I am not prepared to say, that there may not happen cases in this country, in which it might be proper to hold, that words, which if spoken in England, would not he actionable there, ought to be adjudged actionable here. But in the present case, I am of opinion, that the English law, on the point in question, is, and ought to be the governing rule. I am therefore bound to say, that the observations of the judge to the jury on this head, were incorrect, and may have misled them.
It was still more incorrect to intimate, (as seems to have been done) that words not actionable in themselves, when fully heard and perfectly understood, may nevertheless support an action for def *41 amation, if they should be imperfectly heard and not rightly understood. The same statement ascribes to the judge a still more unreasonable and ex-00 .... travagant idea 5 namely, that a jury is at liberty to presume that part of the words which might seem to impute a slanderous charge, might have been heard by some of the persons who were present, who might not have heard the additional or accompanying words or expressions, which were uttered on the same occasion ; and by which the otherwise seemingly offensive and injurious words were explained and their true meaning disclosed; and that such presumption or conjecture will authorise a verdict against a speaker of innocent words, uttered with the most friendly intentions. This doctrine would make the light of action depend, not on what was said or intended, but on what may be conjectured or misunderstood.
I incline to think the observations of the judge were not distinctly heard, or clearly understood. But if I am right in this conjecture, still there ought to be a new trial, as it is probable he was understood by the jury as he was by the counsel.
Gkimke, J.
This was an action of slander for calling the plaintiff a robber and a cheat; but as there were other words uttered at the same time, shewing that the defendant only meant that plaintiff had over-reached him in a money transaction, and that what he complained of as robbery was not *42 a thing for which plaintiff might have been indict* ed. We are unanimously of opinion that the verdict is wrong, and that there must he a new trial, since the action has nojt been supported by the evi* dence.